# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-00350-MOC-DSC

| | |
|---|---|
| JAMIE TODD DRAKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| v. ) | |
| ) | |
| MALLARD CREEK POLYMERS, INC., ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's "Motion to Compel Arbitration," Doc. 5, and the parties' briefs and exhibits. See Docs. 6-10. This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and this Motion is now ripe for consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that the Motion be <u>denied</u>, as discussed below.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

This is an action for damages and equitable relief alleging violations of the Family and Medical Leave Act ("FMLA") and the Americans with Disabilities Act ("ADA"). Accepting the factual allegations of the Complaint as true, Plaintiff began employment with Defendant on March 27, 2000 and remained until his dismissal on or about November 15, 2013.

Plaintiff filed this action on June 25, 2014.

On August 27, 2014, Defendant filed its Motion to Compel Arbitration. Defendant asserts that the parties entered into an Arbitration Agreement on March 29, 2000, which mandates arbitration of the issues that are the subject of Plaintiff's lawsuit. Defendant has only produced the first page of the Arbitration Agreement, which includes Plaintiff's handwritten name and address. Defendant has not produced the signature page of the Agreement, and represents that it cannot be located.

Plaintiff maintains in his Declaration, Doc. 9, Ex. 1, that he did not agree to arbitration, and has no recollection of being presented with or signing the Arbitration Agreement. Plaintiff also states that he has no record or copy of the Arbitration Agreement.

The Motion is ripe for disposition.

## II. DISCUSSION

The Federal Arbitration Act ("FAA") establishes a policy favoring arbitration. The FAA provides that arbitration clauses "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA requires courts to stay proceedings and compel arbitration in the event of a refusal to comply with a valid agreement to arbitrate. 9 U.S.C. § 3. The court must compel arbitration even if the disputed claims are exempted from arbitration or otherwise considered non-arbitrable under state law. Perry v. Thomas, 482 U.S. 483, 489 (1987) (state statute that required litigants to be provided a judicial forum for resolving wage disputes "must give way" to Congress' intent to provide for enforcement of arbitration agreements); Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 90 (4th Cir. 2005) (FAA preempts state law barring arbitration of certain claims).

The Supreme Court has held that "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 26 (1991) (quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)). "Pursuant to that liberal policy, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability." Moses H. Cone, 460 U.S. at 24-25; see also Choice Hotels Intern., Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 710 (4th Cir. 2001); Long v. Silver, 248 F.3d 309, 315-16 (4th Cir. 2001); O'Neil v. Hilton Head Hosp., 115 F.3d 272, 273-74 (4th Cir. 1997).

However, the presumption favoring arbitration arises only where it derives its legitimacy from a judicial determination of the parties' valid agreement to arbitrate. Granite Rock Co. v. Int'l Bd. of Teamsters, 561 U.S. 287, 303 (2010). "[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers of Am. v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582 (1960). See also AT&T Technologies, Inc. v. Communications Workers, 475 U.S. 643, 648 (1986); Johnson v. Circuit City Stores, Inc., 148 F.3d 373, 377 (4th Cir. 1998); Arrants v. Buck, 130 F.3d 636, 640 (4th Cir. 1997).

In North Carolina, "[a] two-part analysis must be employed by the court when determining whether a dispute is subject to arbitration: (1) whether the parties had a valid agreement to arbitrate, and also (2) whether the specific dispute falls within the substantive scope of that agreement." Munn v. Haymount Rehab & Nursing Ctr., Inc., 704 S.E.2d 290, 294 (N.C. App. 2010). Additionally, "[t]he law of contracts governs the issue of whether there exists an agreement to arbitrate"... and "the party seeking arbitration must show that the parties mutually

agreed to arbitrate their disputes." Id. (citing Harbour Point v. DJF Enters., 688 S.E.2d 47, 50 (N.C. App. 2010)(citations and quotation marks omitted)).

The threshold inquiry here is whether a valid arbitration agreement exists between the parties as a matter of North Carolina law. It is well settled that the burden of proving a valid arbitration agreement rests with the party seeking to compel arbitration. Slaughter v. Swicegood, 591 S.E.2d 577, 580-581 (N.C. App. 2004). That party must persuade the court that the parties mutually agreed to arbitrate their disputes. Id.; Thompson v. Norfolk S. Ry. Co., 535 S.E.2d 397, 400 (N.C. App. 2000). The trial court's finding regarding the existence of an arbitration agreement is a question of fact to be determined by the court upon competent evidence. Id. Such a determination is conclusive on appeal, even where the evidence might support findings to the contrary. Id.; Sciolino v. TD Waterhouse Investor Servs., Inc., 562 S.E.2d 64, 66 (N.C. App. 2002).

The undersigned finds that the documentary evidence submitted by Defendant and the Affidavit of Jane Billingsley are inadequate to carry the burden of proof on the threshold issue of whether the parties entered into a valid agreement to arbitrate. Consequently, the undersigned respectfully recommends that Defendant's Motion to Compel Arbitration be denied.

### III. RECOMMENDATION

FOR THE FOREGOING REASONS, the undersigned respectfully recommends that the Defendant's "Motion to Compel Arbitration" (document #3) be **DENIED**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation

contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED**.

Signed: October 1, 2014

David S. Cayer
United States Magistrate Judge