UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00350-MOC-DSC

| | | |
|---|---|---|
| **JAMIE TODD DRAKE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **MALLARD CREEK POLYMERS, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). Objections have been filed within the time allowed.

In the Memorandum and Recommendation, Judge Cayer recommended that defendant's Motion to Compel Arbitration of this employment dispute be denied. Judge Cayer found that the evidence presented by defendant was insufficient to satisfy its initial burden of showing that the parties entered into a valid agreement to arbitrate. M&R (#11) at 4. Apparently, defendant lost the second page of the two-page arbitration agreement, which is the signature page. Judge Cayer found that the affidavit of Jane Billingsley, a former management employee of defendant, was insufficient to meet such burden. In relevant part, Ms. Billingsley averred that she would not have checked off receipt of the arbitration agreement unless she had actually received it and that the

1

handwriting appearing on the first page of the agreement is plaintiff's handwriting. She does not explain how she is able to recognize such handwriting some 14 years after the form was completed. In his responsive declaration, plaintiff averred that he does

> not remember being presented with, or signing, the arbitration agreement that Mallard Creek Polymers, Inc. included in their motion. That agreement clearly does not bear my signature.

Drake Decl. (#9-1) at ¶ 4. Plaintiff does not address whether his handwriting appears on the first page of the arbitration agreement.

First, this court is no proponent of arbitration in lieu of access to a judicial forum, especially where one party enters the agreement simply to secure employment or a loan. Such economic compulsion creates an uneven playing field, especially for the economically disadvantaged. However, this court recognizes that federal law presently mandates enforcement of valid arbitration agreements and follows that law. Perry v. Thomas, 482 U.S. 483, 489 (1987). It is equally clear from Fourth Circuit decisions that agreements to arbitration employment disputes – even those that touch on important federal rights such as those found under the FMLA – are subject to arbitration, Safrit v. Cone Mills Corp., 248 F.3d 306, 308 (4th Cir.2001), "no matter how sympathetic [the employee's] claims" may be. Singletary v. Enersys, Inc., 57 Fed.Appx. 161, 163-165, 2003 WL 264703, * 2 (4th Cir. 2003).

Second, while the loss of a signature page certainly creates a hurdle for the party seeking to enforce the agreement, state law provides methods for proving the existence of a contract or parts of it where the contract is lost. In discussing proof of a lost contract under the Florida statute of frauds (which is nearly identical to North Carolina's), the

2

Florida Court of Appeals held, as follows:

> The absence of a lost or destroyed document does not necessarily preclude proof of its contents. It is clear that such proof must be clear, strong and unequivocal. In the cited case, the proof of the contents of the lost instrument was an exact copy.
>
> Where the contents of a claimed lost document are relied upon to avoid the Statute of Frauds, each step in the proof to avoid the statute must be carefully examined. In the case now before us, the existence of the writing was denied by the testimony of the defendants. There is no fact in evidence to support the plaintiff's claim of its existence. The attorney involved had no recollection of its existence. No copy of other evidence of the contents was submitted. Plaintiff's recollection concerned only the purpose for drafting the document. The very purpose of the Statute of Frauds is defeated where the sole proof of the existence and contents of a document relied upon to avoid the Statute is the testimony of the plaintiff.

Weinsier v. Soffer, 358 So.2d 61, 3 (Fla.App., 1978) (citations omitted). Inasmuch as a signature to a contract constitutes a part of the "contents" of the document, a party attempting to prove the existence of a contract would need to present clear and convincing extrinsic or parol evidence that the party sought to be held to the agreement signed the contract. Zander v. Ogihara Corp., 213 Mich. App. 438, 444 (1995) (citing 2 *Corbin on Contracts*, § 529, p. 326). In both Weinsier and Zander, the appellate courts determined that the proponent of the lost contract could not overcome the statute of frauds "solely on the basis of their own self-serving testimony." Zander, 213 Mich. App. at 445; see also Woodruff Oil & Fertilizer Co. v. Portsmouth Cotton Oil Refining Corp. 246 F. 375, 378 (4th Cir. 1917) (holding that the "statute [of frauds] does not prohibit proof of a contract of sale by parol evidence of the contents of a lost document signed by the party to be charged."). Here, defendant has come forward with the affidavit of a former employee, one page of the agreement upon which plaintiff purportedly wrote his

name, and facsimile copies of similar agreements entered into by other employees. Defendant objects to the recommendation that its Motion to Compel Arbitration be denied, arguing as follows:

> Although the Magistrate Judge stated that the evidence was "inadequate," the Court never explained why the evidence should be deemed so. The competent evidence submitted proves that Plaintiff signed each of the documents presented to him and when they were returned to Ms. Billingsley, she indicated that the document had been returned by marking it on the checklist. That list shows the Arbitration Agreement was signed and returned.

Objection (#12) at 3.

At this point, the court cannot say whether there is or is not clear and convincing evidence to prove that plaintiff actually signed the arbitration agreement. Indeed, each side of this dispute has left the court with less than a complete picture of what occurred. On one side, Ms. Billingsley failed to aver how she was able to recognize plaintiff's handwriting on the first page of the agreement and on the other, plaintiff has failed to declare that the handwriting appearing on the first page of the agreement is not his or explain why, if such is his handwriting, it would be on that document unless his signature in fact appeared on page two of the instrument.

The core issue presented is not capable of resolution on competing affidavits as it is impossible for a court, as the finder of fact as to whether a contract exists, Harris v. Ray Johnson Constr. Co., 139 N.C.App. 827, 829 (2000), to determine credibility without observing the demeanor of the witnesses. Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir.1979); American Metal Forming Corp. v. Pittman, 52 F.3d 504, 507 (4th Cir.1995). For that reason, the court will set defendant's Objection on for an evidentiary hearing.

Plaintiff and Ms. Billingsley shall personally appear at that hearing and be ready to testify.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's "Objections to Memorandum and Recommendation" (#12) be calendared for an evidentiary hearing by the Clerk of Court.

Signed: November 17, 2014

Max O. Cogburn Jr.
United States District Judge