UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:14-cv-00350-MOC-DSC

| | |
|---|---|
| **JAMIE TODD DRAKE,** | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| **MALLARD CREEK POLYMERS, INC.,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter and on defendant's Objections to that recommendation. An evidentiary hearing was scheduled on the objections for December 18, 2014; however, despite being directed to do so in the Order setting such hearing, plaintiff failed to call any witnesses in support of its Objection at the evidentiary hearing, but instead only offered oral arguments.

In the Memorandum and Recommendation, Judge Cayer recommended that defendant's Motion to Compel Arbitration of this employment dispute be denied. Judge Cayer found that the evidence presented by defendant was insufficient to satisfy its initial burden of showing that the parties entered into a valid agreement to arbitrate. M&R (#11) at 4. Apparently, defendant lost the second page of the two-page arbitration agreement, which is the signature page. Judge Cayer found that the affidavit of Jane Billingsley, a former management employee of defendant, was insufficient to meet such

-1-

burden. In relevant part, Ms. Billingsley averred that she would not have checked off receipt of the arbitration agreement unless she had actually received it and that the handwriting appearing on the first page of the agreement is plaintiff's handwriting. She does not explain how she is able to recognize such handwriting some 14 years after the form was completed. In his responsive declaration, plaintiff averred that he does

> not remember being presented with, or signing, the arbitration agreement that Mallard Creek Polymers, Inc. included in their motion. That agreement clearly does not bear my signature.

Drake Decl. (#9-1) at ¶ 4. Plaintiff does not address whether his handwriting appears on the first page of the arbitration agreement.

Defendant, in its objection to the recommendation that its Motion to Compel Arbitration be denied, argued as follows:

> Although the Magistrate Judge stated that the evidence was "inadequate," the Court never explained why the evidence should be deemed so. The competent evidence submitted proves that Plaintiff signed each of the documents presented to him and when they were returned to Ms. Billingsley, she indicated that the document had been returned by marking it on the checklist. That list shows the Arbitration Agreement was signed and returned.

Objection (#12) at 3. Federal law mandates enforcement of valid arbitration agreements. <u>Perry v. Thomas</u>, 482 U.S. 483, 489 (1987). As an enforceable arbitration agreement would subordinate plaintiff's right to access the courts, it is the party that is seeking to compel arbitration that carries the burden of persuading this court that the parties entered into an enforceable arbitration agreement.

As the defendant lost the signature page of its standard two-page arbitration

agreement – not plaintiff -- it was defendant's burden to present clear and convincing extrinsic or parol evidence that the party sought to be held to the agreement signed the contract. Zander v. Ogihara Corp., 213 Mich. App. 438, 444 (1995) (citing 2 *Corbin on Contracts*, § 529, p. 326). This court afforded defendant an opportunity to present evidence, directing that "[p]laintiff and Ms. Billingsley shall personally appear at that [evidentiary] hearing and be ready to testify." Order (#14) at 5. Rather than present evidence in support of its objection, defendant elected to present oral arguments and did not call any witness before yielding the podium to counsel for plaintiff. As this court previously discussed – and believes it made clear – factual disputes cannot be resolved by simply reviewing competing affidavits which are in conflict. American Metal Forming Corp. v. Pittman, 52 F.3d 504, 507 (4th Cir.1995); Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir.1979). Instead, credibility can only be determined by observing the demeanor of the witnesses.

As the proponent of the motion, it was defendant's burden to put Ms. Billingsley on the stand at the *evidentiary* hearing. Being unable to conclude that an arbitration agreement existed between these parties based on either a written agreement or probative extrinsic evidence that had been subjected to cross examination, the court will overrule defendant's objection, fully affirm the conclusion of the magistrate judge that the evidence defendant has presented is indeed "inadequate," and deny the Motion to Compel

Arbitration without prejudice.[1]

**ORDER**

**IT IS, THEREFORE, ORDERED** that the defendant's "Objections to Memorandum and Recommendation" (#12) are **OVERRULED**, the Memorandum and Recommendation (#11) is **AFFIRMED**, and defendant's Motion to Compel Arbitration (#5) is **DENIED** without prejudice.

As the issues have now joined, the parties are instructed to conduct the IAC and file the CIAC within the time frames provided by the Local Civil Rules.

Signed: December 30, 2014

Max O. Cogburn Jr.
United States District Judge

---

[1] The court denies the motion without prejudice inasmuch as it is possible that defendant could find the second page of the agreement with plaintiff during the course of this litigation or through discovery. While Ms. Billingsley was not called at the hearing, the court takes notice that it is an ordinary and customary business practice to provide employees with copies of employment documents that they sign.